# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR F 09-0248 LJO |
| Plaintiff, | **ORDER ON DEFENDANT'S 28 U.S.C. § 2255 MOTION** |
| vs. | (Doc. 14.) |
| ALBERTO ACRE-LANDA, | |
| Defendant. / | |

## INTRODUCTION

Defendant Alberto Acre-Landa ("defendant") is a federal prisoner and proceeds pro se to seek 28 U.S.C. § 2255 ("section 2255") relief. This Court considered defendant's section 2255 motion on the record and denies defendant section 2255 relief.

## BACKGROUND

### Plea Agreement

By a January 8, 2010 plea agreement, defendant voluntarily entered a guilty plea to being a deported alien found in the United States in violation of 8 U.S.C. § 1326. With the plea agreement, defendant agreed that a 51-month prison term "is part of an overall 'reasonable sentence.'" Defendant further agreed:

1. "[N]ot to move for a downward departure or reduction of his sentence beyond the four (4) level departure agreed to by the government under this plea agreement pursuant to

1

Case 1:09-cr-00248-DAD   Document 15   Filed 07/22/10   Page 2 of 7

      U.S.S.G. § 5K3.1," including "not moving for a downward departure of his offense level, criminal history category, or criminal history points";

2.   "[N]ot argue, by way of reference to factors under 18 U.S.C. § 3553, for a term of imprisonment of less than fifty-one (51) years"; and

3.   To "waive all Constitutional and statutory rights to appeal his conviction and sentence," including "an express waiver of appeal of this plea" and "to attack collaterally . . . his plea," including filing a section 2255 motion

On January 8, 2010, defendant was sentenced to 51 months imprisonment, and judgment was entered on January 14, 2010 to impose the sentence.

### Section 2255 Motion

Defendant filed his July 20, 2010 section 2255 motion to claim that his "status as a non citizen exposes him to additional imprisonment."

### DISCUSSION

### Waiver

Defendant's waiver to attack his sentence collaterally with a 2255 motion precludes his claims, among others, that his sentence should be reduced due to his status as a deportable alien.

A plea agreement is a contract and subject to contract law standards. *United States v. Escamilla*, 975 F.2d 568, 571 (9th Cir. 1992), *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir. 1985). A defendant may waive the right to bring a section 2255 petition. *United States v. Abarca*, 985 F.2d 1012, 1013 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993). "[A] prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." *United States v. Racich*, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999). A plea agreement does not waive the right to bring a section 2255 petition unless it does so expressly. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). The right to bring a collateral attack under section 2255 is statutory, and a "knowing and voluntary waiver of a statutory right is enforceable." *Abarca*, 985 F.2d at 1014.

Defendant's waiver of his appeal and collateral attack rights, as part of defendant's knowing and voluntary plea agreement, is valid. In the plea agreement, defendant waived appeal of his plea, conviction and sentence, and agreed not to attack his conviction by a 2255 motion. Defendant waived

2

an attack on his sentence based on his deportable alien status, criminal history, and matters subject to his claims. Defendant agreed to a 51-month sentence, which he received.

## **Deportable Alien Status**

Defendant appears to contend that this Court should reduce his offense level as a deportable alien to address different treatment afforded citizens and aliens.

A court may depart downward if it finds that "there exists an aggravating or mitigating circumstance . . . not adequately taken into consideration by the Sentencing Commission in formulating the guidelines and that should result in a sentence different from that described." 18 U.S.C. § 3553(b)(1). Sentencing Guidelines §5K2.0 finds departures from the stated guideline range appropriate when factors "that have not been given adequate consideration by the Commission" are present, or if "in light of the unusual circumstances, the weight attached to that factor under the guidelines is inadequate or excessive." The decision to depart from the relevant guideline is within the sound discretion of the sentencing court. *United States v. Charry Cubillos*, 91 F.3d 1342, 1343 (9th Cir. 1996).

Generally, downward departure is discouraged due to a presumption that the Sentencing Commission, if only implicitly, considered all possible factors. *See, e.g., United States v. Restrepo*, 999 F.2d 640, 644 (2nd Cir. 1993). The United States Supreme Court has emphasized that "[b]efore a departure is permitted, certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the Guidelines. To resolve this question, the district court must make a refined assessment of the many facts bearing on the outcome, informed by its vantage point and day-to-day experience in criminal sentencing." *Koon v. United States*, 518 U.S. 81, 98, 116 S.Ct. 2035, 2046 (1996).

Defendant appears to contend that he is entitled to a downward departure because as a deportable alien, his sentence is more severe than it would be if he were a United States citizen. Courts have considered effects of alienage on sentencing and agree that a sentencing court should not consider immigration-related consequences that are marginal or collateral to the sentence, including hardship of deportation or ineligibility for release to a half-way house. *See, e.g., United States v. Nnanna*, 7 F.3d 420, 422 (5th Cir. 1993) ("collateral consequences from conviction are not a basis for downward departure"); *United States v. Alvarez-Cardenas*, 902 F.2d 734, 737 (9th Cir. 1990) ("possibility of

deportation" is not an appropriate ground for departure).

The Ninth Circuit Court of Appeals has recognized that a downward departure from a stated guideline requires a district court to make findings to consider the "structure and theory" of the guidelines as a whole, bearing in mind the Commission's expectation that departures based on grounds not mentioned in the Sentencing Guidelines are infrequent. *Charry Cubillos*, 91 F.3d at 1343. A sentencing court must indicate why a departure is so unusual to fall outside the heartland of cases. *Charry Cubillos*, 91 F.3d at 1343.

Further, the Ninth Circuit has held that the threat of deportation is not a factor that the district court may consider for sentencing purposes. *United States v. Alvarez-Cardenas*, 902 F.2d 734, 737 (9th Cir.1990) (deportability is not a valid factor for departure because it merely describes the defendant's status, and does not "affect [defendant's] culpability or the seriousness of the offense."); *U.S. v. Lipman*, 133 F.3d 726, 730 (9th Cir. 1998) (a sentencing court cannot downwardly depart based on the fact that a defendant faces future deportation.)

Defendant offers nothing to suggest that his sentence falls outside the heartland of cases. Defendant fails to substantiate a sentencing error resulting from his status as a deportable alien or grounds for further downward departure. Nothing in the record supports section 2255 relief.

### Ineffective Assistance Of Counsel

Although defendant waived his right to attack collaterally his sentence through a voluntarily and intelligent plea, defendant may not be able to "waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain." *United States v. Pruitt*, 32 F. 3d 431, 433 (9th Cir. 1994). As such, this Court scrutinizes defendant's ineffective assistance of counsel claims.

When considering an ineffective assistance of counsel claim, a court must consider two factors. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994), *cert. denied*, 513 U.S. 1001, 115 S.Ct. 513 (1995). The first factor is whether the counsel's performance fell below an objective standard of reasonableness considering all of the circumstances. *Strickland,* 466 U.S. at 687-688, 104 S.Ct. at 2064; *Bloom v. Calderon*, 132 F.3d 1267, 1270 (9th Cir. 1997), *cert. denied*, 494 U.S. 1039, 118 S.Ct. 1856 (1998). A defendant must

demonstrate that counsel's performance was deficient and that counsel made errors so serious as not to function as "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. A defendant must identify counsel's alleged acts or omissions that were not the result of reasonable, professional judgment considering the circumstances. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995), *cert. denied*, 519 U.S. 848, 117 S.Ct. 135 (1996). There is a strong presumption that counsel's performance fell within the wide range of professional assistance. *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586 (1986) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065); *Bloom*, 132 F.3d at 1270; *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990). Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 677-678; 104 S.Ct. at 2063; *Quintero-Barraza*, 78 F.3d at 1348; *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).

The second factor for court consideration is whether the petitioner has affirmatively proven prejudice. *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067; *Bloom*, 132 F.3d at 1271. Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. A reasonable probability is "a probability sufficient to undermine the confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. In addition, the court can find prejudice only when the outcome would have been different without counsel's errors. *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843. A court must also evaluate whether the entire proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness. *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843; *Quintero-Barraza*, 78 F.3d at 1345; *United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994). A defendant may be granted a windfall, to which he is not entitled, if his/her conviction or sentence is set aside solely because the outcome may have been different but for counsel's errors. *Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842. Thus, if a court finds that counsel's performance fell below an objective standard of reasonableness, and that but for counsel's unprofessional errors, the result of the proceeding would have been different, the court must determine despite the errors and prejudice, whether the proceeding was fundamentally fair and reliable.

Defendant's claims fail to demonstrate that his defense counsel's performance was deficient and

that his counsel made errors so serious as not to function as "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Defendant's ineffective assistance of counsel claims arise from rights or matters to which he agreed or which he waived (no downward departure in offense level or criminal history and waiver of appeal). The purported ineffective assistance of counsel claims encompass matters to which defendant specifically agreed. Defendant is unable to attempt to blame his counsel for his agreement from which he now attempts to distance himself. In the plea agreement, defendant admits that he is a Mexican citizen, was removed from the United States in April 2008 and illegally re-entered the United States thereafter. Defendant agreed to his 51-month sentence.

Defendant offers nothing meaningful to demonstrate erosion of his Sixth Amendment right to counsel or that counsel's conduct prejudiced the defense. There is no evidence that defense counsel made errors so serious as not to function as Sixth Amendment guaranteed counsel. Indeed, defense counsel cannot be expected to challenge matters to which defendant specifically agreed or waived. Because defendant fails to establish that defense counsel's performance was deficient, there is no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different ." *Strickland*, 466 U.S. at 694. Accordingly, defendant's ineffective assistance of counsel claims fail.

## Certificate Of Appealability

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in section 2255 proceedings unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); *see Williams v. Calderon*, 83 F. 3d 281, 286 (9th Cir. 1996). A COA issues when defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4, 103 S.Ct. 3382, 3394-3395, n. 4 (1983). In the absence of a COA, no appeal in a section 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds no jurist of reason could debate the correctness to deny defendant collateral relief. *See Barefoot*, 463 U.S. at 893, n. 4, 103 S.Ct. at 3394-

3395, n. 4; *Clark v. Lewis*, 1 F. 3d 814, 819 (9th Cir. 1993). On the merits of this case, reasonable jurists would not debate the constitutionality of defendant's conviction. A certificate of appealability is improper.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES defendant section 2255 relief and a certificate of appealability.

IT IS SO ORDERED.

**Dated:   July 21, 2010**                    /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE