IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>ALBERTO ACRE-LANDA,<br><br>    Defendant.<br>_____/ | CASE NO. CR F 09-0248 LJO<br><br>**ORDER ON DEFENDANT'S MOTION TO REDUCE SENTENCE**<br>(Doc. 20.) |

### INTRODUCTION

Defendant Alberto Acre-Landa ("defendant") is a federal prisoner and proceeds pro se to seek to reduce from 51 months to 36 months his sentence, pursuant to 28 U.S.C. § 3582(c)(2) ("section 3582(c)(2)"). This Court considered defendant's motion to reduce sentence on the record and denies defendant's requested relief.

### BACKGROUND

#### Plea Agreement

By a January 8, 2010 plea agreement, defendant voluntarily entered a guilty plea to being a deported alien found in the United States in violation of 8 U.S.C. § 1326. With the plea agreement, defendant agreed that a 51-month prison term "is part of an overall 'reasonable sentence.'" Defendant further agreed:

    1.    "[N]ot to move for a downward departure or reduction of his sentence beyond the four

1

(4) level departure agreed to by the government under this plea agreement pursuant to U.S.S.G. [U.S. Sentencing Guidelines] § 5K3.1," including "not moving for a downward departure of his offense level, criminal history category, or criminal history points";

2. "[N]ot argue, by way of reference to factors under 18 U.S.C. § 3553, for a term of imprisonment of less than fifty-one (51) years"; and

3. To "waive all Constitutional and statutory rights to appeal his conviction and sentence," including "an express waiver of appeal of this plea" and "to attack collaterally . . . his plea," including filing a 28 U.S.C. § 2255 motion.

On January 8, 2010, defendant was sentenced to 51 months imprisonment, and judgment was entered on January 14, 2010 to impose the sentence.

This Court's July 22, 2010 order denied defendant's motion for relief under 28 U.S.C. § 2255.

**Defendant's Motion To Reduce Sentence**

Despite his plea agreement commitments, on February 18, 2011, defendant filed his motion to reduce sentence on grounds that:

1. The "Recency" factor "has been eliminated from punishment";

2. Defendant's "cultural assimilation was not taken into consideration" at his sentencing; and

3. Defendant's "post-conviction rehabilitation was not applicable and therefore not taken into consideration."

**Section 3582(c)(2) Standards**

Section 3582(c)(2) permits sentence modification under limited circumstances:

> The court may not modify a term of imprisonment once it has been imposed except that –
>
> . . .
>
> (2) in case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In applying section 3582(c)(2), a district court must: (1) first determine that a reduction is

consistent with the policy statements of U.S. Sentencing Guidelines ("USSG") § 1B1.10; and (2) then consider applicable 18 U.S.C. § 3553(a) factors and determine whether, in its discretion, the authorized reduction is warranted, either in whole or in part, according the circumstances of the case. *Dillon v. U.S.*, 130 S.Ct. 2683, 2691 (2010) (interpreting section 3582(c)(2)). Because modification of an imposed prison term does not implicate the Sixth Amendment and is not otherwise constitutionally mandated, proceedings under section 3582(c)(2) do not trigger application of *U.S. v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005). *Dillon*, 130 S.Ct. at 2692-2693.

In *Dillon*, 130 S.Ct. At 2692, the U.S. Supreme Court explained:

> We are aware of no constitutional requirement of retroactivity that entitles defendants sentenced to a term of imprisonment to the benefit of subsequent Guidelines amendments. Rather, § 3582(c)(2) represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines.

With these standards in mind, this Court turns to defendants claimed grounds for sentence reductions.

**Criminal History**

Defendant notes that he received an additional point under USSG § 4A1.1(e) (one point "for each prior sentence resulting from a conviction of a crime of violence."). Defendant contends that the USSG were recently amended to eliminate consideration of "Recency" points under USSG § 4A1.1(e).

Defendant fails to point to a particular USSG amendment to support his "Recency" position. Defendant fails to challenge application of USSG § 4A1.1(e). Defendant is not entitled to a sentence reduction on grounds of "Recency."

**Post-Conviction Rehabilitation**

Defendant appears to contend that he is entitled to a "downward departure" under USSG § 5K2.19, which provides:

> Post-sentencing rehabilitative efforts, even if exceptional, undertaken by a defendant after imposition of a term of imprisonment for the instant offense are not an appropriate basis for a downward departure when resentencing the defendant for that offense. (Such efforts may provide a basis for early termination of supervised release under 18 U.S.C. § 3583(e)(1).)

Defendant fails to explain how USSG § 5K2.19 warrants a reduction to his sentence. In fact, USSG § 5K2.19 undermines a potential "downward departure." USSG § 5K2.19 warrants no sentence

1 reduction for defendant.

## Cultural Assimilation

Defendant argues that he is entitled to a further departure based on USSG § 2L1.2(7). There is no USSG 2L1.2(7). This Court presumes that defendant intends to refer to 2L1.2(b)(1)(D), which applies a four-level increase for a felony conviction in connection with unlawfully entering or remaining in the United Sates. Defendant fails to demonstrate how his "cultural assimilation" warrants a "downward departure" or how USSG 2L1.2(b)(1)(D) applies to him.

## CONCLUSION AND ORDER

Since a sentence reduction for defendant is inconsistent with USSG policies, this Court DENIES defendant a sentence reduction.

IT IS SO ORDERED.

**Dated:   February 22, 2011**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE